IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COOK INLETKEEPER, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, et al.,<br><br>    Defendants,<br><br>and<br><br>ALASKA RAILROAD CORPORATION<br>and<br>MATANUSKA-SUSITNA BOROUGH,<br><br>    Intervenor-Defendants. | Case No. 3:12-cv-0205-RRB<br><br>**ORDER DENYING ATTORNEY FEES**<br>**Docket No. 131** |

This matter involved a dispute regarding the impact of the proposed construction and operation of the Port MacKenzie Rail Extension on surrounding wetlands. Plaintiffs Cook Inletkeeper, Sierra Club, and Alaska Survival (collectively "Inletkeeper"), sought relief under the National Environmental Policy Act of 1969, ("NEPA"),[1] and the Clean Water Act, ("CWA").[2]

When Plaintiffs filed their Complaint in this case, it contained a NEPA challenge to the same Environmental Impact Statement ("EIS") that Plaintiffs were already challenging in the Ninth

---

[1] 42 U.S.C. § 4321 *et seq.*

[2] 33 U.S.C. § 1251 *et seq.*

Circuit. Although the Court of Appeals had not yet ruled on those NEPA issues when the Complaint was filed in October 2012, it rejected Plaintiffs' arguments in a cursory order on November 28, 2012.[3] The Ninth Circuit later issued a full opinion explaining its decision.[4]

Following the Ninth Circuit's initial ruling, Plaintiffs filed a motion for preliminary injunctive relief in this Court on December 17, 2012.[5] Plaintiffs asserted the same NEPA claim, as well as a claim under the CWA, in support of an injunction staying construction on the railroad while the Court considered the case.[6] The Ninth Circuit then issued its final Opinion on January 23, 2013.[7] The court held:

> that there was no error under NEPA because the purpose and need statement was adequate; the agency considered all viable, reasonable alternatives; and the EIS contains a detailed, thorough, and thoughtful discussion of the wetlands impacts and mitigation measures.[8]

On February 11, 2013, this Court denied the motion for a preliminary injunction, explicitly questioning whether Plaintiffs could succeed in light of the Ninth Circuit's ruling.[9] Plaintiffs

---

[3] *Alaska Survival v. Surface Transportation B*oard, 704 F.3d 615 (9th Cir. 2012).

[4] *Alaska Survival v. Surface Transportation Board*, 705 F.3d 1073 (9th Cir. 2013).

[5] Docket 35.

[6] Docket 44.

[7] Docket 70.

[8] 705 F.3d at 1089.

[9] Docket 79.

appealed this Court's denial of the preliminary injunction, and on October 7, 2013, the Ninth Circuit affirmed.[10]

On September 26, 2013, Plaintiffs voluntarily dismissed their NEPA claim and went forward only on the CWA claims.[11] The parties then filed cross-motions for summary judgment on the remaining claims. This Court ultimately concluded that various documents in the administrative record satisfied the Court's concerns under the CWA. Accordingly, the Court deferred to the agency in this matter, resulting in a Judgment in favor of Defendants.[12]

Pursuant Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.3, Intervenor-Defendant Matanuska-Susitna Borough ("the Borough") now seeks an award of attorneys' fees in the amount of $18,947.53.[13] The Federal Rules of Civil Procedure require a party seeking an award of attorneys fees to "specify the judgment and the statute, rule, or other grounds entitling the movant to the award."[14] In this case, the Borough cites only the CWA as authority for an award of attorney fees. A defendant may recover attorneys' fees in a CWA case when "[p]laintiff's action was frivolous, unreasonable, or without foundation, even though not brought in

---

[10] Docket 110.

[11] Docket 105.

[12] Docket 129.

[13] Docket 131. The Borough, through an agreement with the Alaska Railroad, paid all legal fees in this matter. Docket 133.

[14] Fed.R.Civ.P. 54(d)(2)(B)(ii).

subjective bad faith."[15] The amount of attorneys' fees to be awarded lies within the court's discretion.[16]

The briefing argues that only two specific areas of Plaintiff's lawsuit were frivolous: 1) Plaintiff's NEPA claims; and 2) Plaintiff's argument that an elevated rail was a viable alternative under the CWA.[17] But NEPA and the CWA are separate acts. While the CWA provides a statutory basis for attorney fees, NEPA does not. In order for a prevailing party to obtain attorney fees under NEPA, the Equal Access to Justice Act ("EAJA")[18] must apply. The Borough has not argued, and this Court's independent research does not indicate, that the Borough qualifies for attorney fees under the EAJA, or that the Borough can bootstrap an attorney fee award for NEPA claims under the statutory authority of the CWA, particularly where, as here, there was no argument that the CWA claims themselves were frivolous. Accordingly, the Court denies attorney fees for the NEPA claim,

---

[15] *Razore v. Tulalip Tribes of Washington*, 66 F.3d 236, 240 (9th Cir. 1995). The Supreme Court, has established a federal fee-shifting "dual standard" that directs courts to award attorney's fees to a prevailing plaintiff in normal circumstances, but only to a prevailing defendant if the action was "frivolous, unreasonable, or groundless, or [if the] plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S. Ct. 694, 54 L. Ed.2d 648 (1978). This standard was extended to the CWA in *Akiak Native Community v. U.S. E.P.A.*, 625 F.3d 1162, 1166 -1167 (9th Cir. 2010). The Ninth Circuit deems claims frivolous when they are "groundless . . . with little prospect of success," particularly if the claimant's position "was foreclosed by binding precedent." *U.S. v. Manchester Farming P'ship*, 315 F.3d 1176, 1183 (9th Cir. 2003).

[16] *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988).

[17] Docket 132 & 139. The Borough attorney has provided an estimate of how much time and effort was spent on the two frivolous arguments, acknowledging that only a fraction of the briefing was devoted to frivolous arguments. He estimates that eight and one half pages were dedicated to NEPA arguments, and three and one half pages were dedicated to the elevated rail argument. Docket 133 at 2-3.

[18] 28 U.S.C. § 2412.

without reaching the issue of whether or not it was frivolous, due to lack of statutory authority for such an award.

With respect to the argument that an "elevated rail option" was a viable alternative under the CWA, the Court agrees that this claim was frivolous in light of the Ninth Circuit's determination that an elevated rail option was not a viable alternative under NEPA. The Ninth Circuit specifically noted:

> We previously held in *Alaska Survival v. Surface Transportation Board*, 705 F.3d 1073, 1088 (9th Cir. 2013), that the elevated rail alternative could reasonably be deemed infeasible for National Environmental Protection [sic] Act ("NEPA") purposes. That conclusion makes it exceedingly unlikely that it was unreasonable for the Corps to deem this alternative impracticable under the Clean Water Act ("CWA"). Further, the record supports the determination that the Corps reasonably concluded, after consultation with Alaska Railroad Corporation ("Railroad"), that the elevated rail alternative would significantly raise project costs and introduce new logistical problems, and that the Corps did not blindly accept the Railroad's representations of cost and logistics.[19]

Having concluded that the Plaintiffs' elevated rail argument was frivolous, and given that the CWA applies to this discrete issue, the Court must determine how much, if any, attorney fees are warranted. Plaintiffs suggest that the Court must consider whether the Borough, as Intervenor, played a significant role in the litigation of the disputed claim.[20] The cases relied upon by Plaintiffs,

---

[19] Docket 110 at 2-3.

[20] *See Dep't of Fair Employment & Hous. v. Lucent Tech., Inc*, 642 F.3d 728, 742 (9th Cir. 2011)*; Grove v. Mead Sch. Dist.*, 753 F.2d 1528, 1535 (9th Cir. 1985); *Seattle Sch. Dist. No. 1 v. Washington*, 633 F.2d 1338, 1349–50 (9th Cir. 1980), *aff'd*, 458 U.S. 457 (1983) (holding the district court correctly denied attorneys' fees to an intervenor with respect to initial phase of trial in which it "played a de minimis role").

however, are not CWA cases. It is unclear whether this "significant role" standard applies to CWA cases.

Nevertheless, the Court notes that the Borough dedicated, by its own estimation, a total of three and one half pages of briefing to the "elevated rail" issue.[21] Using the Borough's questionable method of calculation, valuing the arguments based upon the number of pages dedicated to those arguments in the briefing, the three and one half pages of elevated rail briefing would be valued at just over $5,400 in attorney fees. But the Court finds that a balance of the equities weighs against an award of attorney fees here.

The Borough argues that it's "unique position" in this case allowed it to "illuminate documents in the record that they had prepared, including documents explaining the costs of elevated rail through wetlands."[22] A review of the Intervenors' Opposition to Plaintiffs' Preliminary Injunction Motion at Docket 57 reveals that the Intervenors noted that "this issue was first considered during the NEPA process for the PMRE."[23] In their Opposition, the Intervenors very briefly summarized the findings of the EIS, FEIS and ROD on the elevated rail issue, and in approximately two pages outlined the detailed cost information that ARRC provided the Corps during the permitting process.[24] Significantly, the Borough concluded that:

---

[21] Docket 133 at 2-3.

[22] Docket 139 at 11, citing Docket 57 at 25-26.

[23] Docket 57 at 31.

[24] Docket 57 at 31-33.

> The ***Corps*** gathered a significant amount of evidence showing that elevating portions of the rail line planned for the PMRE would have been cost prohibitive, and thus, impracticable. . . . Plaintiffs' accusations that the ***Corps' evidence*** was somehow not detailed enough are completely groundless. Accordingly, they are highly unlikely to demonstrate that ***the Corps' decision*** on this score was arbitrary and capricious.[25]

The Court concludes that the very brief arguments by the Intervenor-Defendants on the elevated rail issue did not significantly contribute to the Court's ruling in the matter. Indeed, the United States Army Corp of Engineers addressed the elevated rail alternative in even more detail in its pleading at Docket 56. On this issue, the briefing of the Borough was duplicative.

## Conclusion

In light of the foregoing, the Motion for Attorney Fees at **Docket 131** is **DENIED.**

**IT IS SO ORDERED** this 2nd day of September, 2014.

> S/RALPH R. BEISTLINE
> UNITED STATES DISTRICT JUDGE

---

[25] Docket 57 at 33 (emphasis added).